E-filing

Deborah J. Pimentel, In Pro Per
CA SBN 115182
6644 Wooster Court
Castro Valley, CA 94552
510 886 8933

RECEIVED
2008 JAN 14 PM 4:55
RICHARD WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JAN 14 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBORAH J. PIMENTEL,

    Plaintiff,

vs.

THOMAS J. ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, THE COUNTY OF ALAMEDA, DOES 1 – 10,

    Defendants.

Case No.: C08-00249

**EMPLOYMENT DISCRIMINATION AND WRONGFUL TERMINATION COMPLAINT**

1.    Plaintiff resides at:

    6644 Wooster Court

    Castro Valley, CA 94552

    Phone: 510 886 8933

Defendants THOMAS J. ORLOFF, NANCY O'MALLEY, DAVID C. BUDDE and THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY are located at:

    1225 Fallon Street, 9th Floor

    Oakland, CA 94612

[Summary of pleading] - 1

3.  Defendant G. RICHARD KLEMMER is located at:

The District Attorney's Office, Hayward Courthouse

24405 Amador Street

Hayward, CA 94544

4   Defendant COUNTY OF ALAMEDA is located at:

1221 Oak Street

Oakland, CA 94612

5.  This action is brought pursuant to Sections 1981a(a)(2) and 1983 of the Civil Rights Act of 1964 and Section 504 of the Rehabilitation Act of 1973, as amended by the Rehabilitation Act Amendments of 1991 and 1992 [29 USC 791, 794(d)]. Jurisdiction is conferred on this Court by 42 USC 2000e-5 and 29 USC 791 et seq. Equitable and other relief is sought under 42 USC 2000e-5(g). Compensatory, punitive and other damages are sought under 29 USC 706(g), 791, 794a(a)(1)

6.  The acts complained of in this suit concern:

   a. Discrimination;

   b. Intentional discrimination;

   c. Termination of my employment;

   d. Failure to make reasonable accommodations;

   e. Hostile work environment.

7.  Defendants conduct is discriminatory with respect to my disability.

8.  The basic facts surrounding my claim of discrimination are: In or about 1993, I was diagnosed with fibromyalgia, a debilitating disease of the muscles that interrupts the deep sleep cycle and results in severe pain and fatigue. The condition and symptoms are worse in the morning upon arising and worsen with stress. My employer was notified of these facts in or about 1993. The disease was controlled with medication for several years with no negative impact on my ability to perform my job functions. In or about August 2002, my family suffered a horrible tragedy wherein my then 15-year-old daughter was the victim of a serious felony. The District Attorney, the Chief Assistant and the Branch Office Head were advised and had intimate knowledge of the facts as the District Attorney recused himself and the matter was prosecuted by

the California Attorney General's Office. During the aftermath and stress of this tragedy my fibromyalgia flared up. In or about early 2003, the Branch Office Head required me to check in with him every morning upon my arrival; this is not and never had been a standard policy of the office and based on my knowledge and belief had never been required of any other employee. I used sick leave as necessary to care for my family and myself. In or about June 2003 I was advised by the Branch Office Head, the Assistant Chief District Attorney and the Head of Personnel that due to my use of sick leave they were instituting a sick leave policy and that I was in violation of that policy. I advised them that stress worsens my condition, that my doctor was adjusting my medications and that I just needed some time to recover. I requested reassignment that would require me to be in court only in the afternoons and was immediately told that would not be fair to the other attorneys on the felony team. In July 2003 I developed intestinal problems--more symptoms of the fibromyalgia and stress. On or about December 1, 2003, I again met with the Branch Office Head and the Chief Assistant and told that I was still in violation of the sick leave policy. I explained again that this was temporary, I just needed time to get through the family crisis, get my medications corrected and again requested reassignment to afternoon-only court appearances and hearings. This was again denied. No other accommodations were offered. During this time I was advised by the Branch Office Head that he had had another employee on the felony team watching my comings and goings, notating them and reporting back to him. In or about early January 2004, I called in sick one morning; early that afternoon my employer assigned two DA Inspectors to employ the Alameda County Sheriff's Office to jointly storm my home, where they rousted me from sleep, searched my home and interrogated me. On or about January 12, 2004, I was called into the Branch Office Head's office where the Assistant Chief and an Inspector were waiting for me. I was handed a letter advising that I was on Administrative Leave until January 30, 2004, at which point I would be terminated. This Leave was later extended by the District Attorney until February 5, 2004, where I was terminated.

9.   The alleged discrimination occurred on or about January 12, 2004, and continued through February 5, 2004.

[Summary of pleading] - 3

10. There are no requirements to file administratively or to receive a right to sue letter. The statutes provide for direct filing by a private citizen.

11. Plaintiff hereby demands a jury trial for all claims for which a jury is permitted.

12. WHEREFORE, plaintiff prays that the Court grant such relief as m ay be appropriate, including injunctive orders, damages, costs and attorney fees.

DATED: January 14, 2008

Deborah J. Pimentel, Plaintiff
In Propria Persona

[Summary of pleading] - 4