RICHARD E. WINNIE [68048]
County Counsel
DIANE C. GRAYDON [164095]
Deputy County Counsel
Office of County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone:     (510) 272-6700

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH J. PIMENTEL, <br><br>                              Plaintiffs, <br><br> vs. <br><br> THOMAS J. ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, THE COUNTY OF ALAMEDA, DOES 1-10, <br><br>                              Defendants. | Case No.: C08-00249 MMC <br><br> DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> Date:        July 11, 2008 <br> Time:        9:00 a.m. <br> Courtroom: 7 <br> Judge:        Hon. Maxine M. Chesney <br><br> **Complaint filed January 14, 2008** |

TO PLAINTIFF, *IN PROPRIA PERSONA*:

Please take notice that on July 11, 2008, or as soon thereafter as the matter may be heard, in

Courtroom 7, before the Honorable Judge Maxine M. Chesney in the San Francisco Courthouse

of the above-captioned court, located at 450 Golden Gate Avenue in San Francisco, California,

Defendants THOMAS J. ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C.

BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, THE COUNTY OF

ALAMEDA (hereafter "Defendants") will and hereby do move to dismiss all causes of action

alleged against them in the Employment Discrimination and Wrongful Termination Complaint

1  (hereafter "Complaint") filed by Plaintiff Deborah Pimentel (hereafter "Plaintiff), pursuant to Rule

2  12(b)(6) of the Federal Rules of Civil Procedure. Defendants move to dismiss on the grounds

3  that the causes of action stated within the Complaint are time-barred and barred for failure to

4  exhaust administrative remedies. Therefore, all claims against Defendants should be

5  dismissed.

6       This motion is supported by this notice of motion, memorandum of points and

7  authorities, request for judicial notice and such other records and documents on file with the

8  court and/or that may be lawfully be presented at the time of the hearing on this matter.

9

10  DATED:  June 5, 2008                          RICHARD E. WINNIE
                                                  County Counsel in and for the County of
11                                                Alameda, State of California

12

13                                                By
                                                  DIANE C. GRAYDON
14                                                Deputy County Counsel
                                                  Attorneys for Defendants
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ......................................................    5

II.   FACTUAL  AND PROCEDURAL BACKGROUND...................    5

III.  ARGUMENT...........................................................    6

      A.    Rule 12(b)(6) Standard..................................... ......    6

      B.    Plaintiff's ADA and Rehabilitation Act Causes of Action are
            Precluded by her Failure to Submit a "Right to Sue"
            Letter..........................................................    7

            1)    Plaintiff's Claims under the
                  Rehabilitation Act Are Barred Because She
                  Failed to Exhaust Her Administrative Remedies......    7

            2)    Plaintiff's Claims under the ADA (if any) are Barred
                  Because She Failed to Exhaust Her Administrative
                  Remedies.....................................................    8

            3)    Plaintiff's Prayer for Equitable Relief is Barred
                  Because She Failed to Exhaust Her Administrative
                  Remedies.....................................................    9

      C.    The 42 USC §§ 1983 and 1981a Civil Rights Allegations
            Should Be Dismissed.........................................9

            1)    Plaintiff has Failed to State Any Independent
                  42 US 1983 Cause of Action......................................10

            2)    Plaintiff's Claim Under Section 1983 is Barred
                  By the Statute of Limitations......................................11

            3)    Plaintiff Failed to Link Any Alleged County
                  Action to Any Alleged Constitutional Violation
                  or Allege that Such Violation was Attributable
                  to a County Policy......................................................12

            4)    Defendants Orloff, O'Malley, Klemmer, and
                  Budde Are Not Personally Liable for
                  § 1983 Violations......................................................13

            5)    Section 1981a Provides No Independent
                  Right of Action.........................................................14

      D.    Plaintiff's Failure to Bring a Wrongful Discharge Claim
            Within Two Years Bars Recovery Under California Law...........15

IV.   CONCLUSION..............................................................16

1

2                              **TABLE OF AUTHORITIES**

3   **Cases**                                                                    **Page**

4   *Associated General Contractors of California, Inc. v. California State*

5   *Council of Carpenters,* 459 U.S. 519 526 (1983)......................................   6

6   *Brandon v. Holt,* 469 U.S. 464, 472; 83 L. Ed. 2d 878, 105 S. Ct. 873 (1985).........   14

7   *Brown v. Berkeley County Sch. Dist.,* 339 F. Supp. 2d 715, 720..............................   15

8   *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617; 99 S. Ct. 1905;

9   60 L. Ed. 508...................................................................................   10

10  *Cordray v. County of Lincoln,* 320 F. Supp. 2d 1171, 1173 (2004 NM)..................   14

11  *Council of Carpenters,* 459 U.S. 519, 526 (1983).............................................   6

12  *Crumpton v. Gates,* 947 F. 2d. 1418, 1420 (9th Cir. 1991)................................   10

13  *Day v. Wayne County Bd of Auditors,* 749 F. 2d 1199, 1204 (6th Cir. 1984).........   10

14  *Gonzales v. Stanford Applied Engineering, Inc.,* 597 F. 2d 1298, 1299.............   8

15  *Great Am. Fed. Sav. & Loan Ass'n Novotny,* 442 U.S. 366, 378 (1979).............   10 - 11

16  Hinton v. City of Elwood, Kan., 997 F. 2d 774, 783 (10th Cir. 1993)....................   14

17  *Hinton v NMI Pacific Enterprises,* 5 Fed 391, 394 (9th Cir. 1993)..............................   16

18  *Huckabay v. Moore,* 142 F. 3d 233, 241 (5th Cir. 1998)......................................   14

19  *Jablon v. Dean Witter & Co.,* 614 F. 2d 677, 682 (9th Cir.1990)...........................   7

20  *Learned v. City of Bellevue,* 860 F. 2d 928, 933 (9th Cir. 1988)......................   10 – 12

21  *Mathieu v. Norrell Corp.,* 115 Cal App 4th 1174, 1189 (2004)..................................   15

22  *Monell v Dep't of Social Services,* 436 U.S. 658, 691....................................   12 - 13

23  *Navarro v. Block,* 250 F. 3d 729, 732 (9th Cir. 2001)....................................   7

24  *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).........................................   6

25  *Newman v. Sathyavaglswaran,* 287 F. 3d 786, 788 (9th Cir. 2002)............     ....   6

26  *Owens v .Okure, (*1989) 488 U.S. 235, 236...............................................   11

27  *Presutti v. Felton, Inc.,* 927 F. Supp 545, 550 (D.N.H. 1995).............................   15

28

1 | *Reddy v. Linton Indus,* 912 F.2d 291, 293 *cert denied,* 502 US 921 (1991)....   ...    7

2 | *West v. Boeing Co.,* 851 F. Supp. 395, 401 (D. Kan. 1994)................….......    15

3 | *Wilson-Combs v. Cal. Dept't of Consumer Affairs,* U.S. Dist. LEXIS 8507..........    10

4 | *Wilson v. Garcia,* 471 US 261 (1985)…….…...................................……..    11

5 | *Woodman v. Runyon,* 132 F. 3d 1330, 1341 *internal citations omitted* (1997

6 | 10th Cir.)………………………………………………………….……    8

7 | *Wyatt v. Terhune,* 315 F. 3rd 1108, (9th Cir. 2003)………………….……    7

**Statutory Authority**

28 U.S.C. section 1685……………………………………………………    12

29 U.S.C. section 791, 794……………………………………………...    5, 7, 8

42 U.S.C.S. section 1981a, 1983……………………………………………    5, 7, 9, 10, 11, 12, 14

42 U.S.C.S. section 2000e-5(f)(1)……………………………………    8, 14

42 U.S.C.S. section 12117…………………………………………....    8

# I. INTRODUCTION

Plaintiff DEBORAH PIMENTEL (hereafter "Plaintiff"), an inactive member of the State Bar of California (See Defendants' Request for Judicial Notice filed herewith), filed this Complaint January 14, 2008, *in pro per*, alleging employment-related discrimination, wrongful termination and civil rights violations against Defendants THOMAS J. ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, the DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, and the COUNTY OF ALAMEDA (hereafter "Defendants").

At issue in the lawsuit is an employment relationship that ended February 5, 2004, four years prior to the Complaint's filing.  As no claim of any type was ever filed, the May 16, 2008 service of this lawsuit constituted Defendants' first notice of any grievance Plaintiff harbored.

In waiting years to file this suit and in failing to exhaust the requisite administrative remedies, Plaintiff is time-barred from pursuing this lawsuit. Defendants hereby move to dismiss all causes of action therein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a former County of Alameda attorney with the District Attorney's Office.  The lawsuit has been brought under the Civil Rights Act (42 USC §§ 1981a and 1983) and Rehabilitation Act (29 USC §§ 791, 794) for employment discrimination and wrongful termination. (Complaint, at 2:8 -19) Plaintiff also seeks equitable relief under 42 US 2000e-5. (Complaint, at 2:11-12)

The Complaint's format and substance is non-traditionally pled and challenging to understand. For example, while never specifically stating that Defendants are the targeted employer, the Complaint infers that the allegations arose out of her previous employment with Defendant Office of the District Attorney. (Complaint, at paragraph 8, generally)   In addition, after listing the names of the individual defendants, they are never identified by name again, only by their presumed positions presumably with the D.A.'s office.

Plaintiff allegedly suffers from fibromyalgia. (Complaint, at 2:22).  Between 1993 and 2002, Plaintiff was able to control her disease with medication. (Complaint, at 2:25-26)  In 2002,

Plaintiff's family suffered a tragic accident and she began using sick leave to care for her family, in violation of the sick leave policy. (Complaint, at 2:25-26; 3:7-8)  She was told in June 2003 and December 2003 that she was in violation of the sick leave policy. (Complaint, at 3:7-8; 3:13-14)  She called in sick one morning in early 2004. (Complaint, at 3:19)  Plaintiff claims that DA investigators "stormed" her home that same day. (Complaint, at 3:21)  She was subsequently put on Administrative Leave for the period of January 12, 2004 through January 30, 2004. (Complaint, at 3:22-25.)  The leave was extended to February 5, 2004, at which point Plaintiff's employment with the DA was terminated. (Complaint, at 3:25-26)

Plaintiff asserts that the "alleged discrimination occurred on or about January 12, 2004 and continued through February 5, 2004." (Complaint, at 3:27-28)  The alleged wrongful termination occurred on February 5, 2004. (Complaint, at 3:25-26)  Plaintiff alleges that there are no requirements to file administratively or to receive a right to sue letter. (Complaint, at 4:1)  Plaintiff filed her Complaint on January 14, 2008.

### III.    ARGUMENT

**A.    Rule 12(b)(6) Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." (Fed. R. Civ. P. 12(b)(6).) A claim must be dismissed when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (*Neitzke v. Williams* (1989) 490 U.S. 319, 327.) In reviewing a complaint under Rule 12(b)(6), all allegations of material fact must be taken as true. (*Newman v. Sathyavaglswaran* (9th Cir. 2002) 287 F.3d 786, 788.)

Courts, however, will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." (*Associated General Contractors of California, Inc. v. California State Council of Carpenters* (1983) 459 U.S. 519, 526.) Dismissals under Rule 12(b)(6) are proper when there is a lack of a

---

*Pimentel v. Thomas J. Orloff, et al., Case No.:  C08-00249 EMC*
*Defendants' Motion to Dismiss*

cognizable theory or an absence of sufficient facts alleged under a cognizable legal theory. (*Navarro v. Block* (9th Cir. 2001) 250 F. 3d 729, 732.)

Further, under Federal Rule of Civil Procedure 12(b)(6) a complaint should be dismissed where it appears with certainty that the Plaintiff would not be entitled to relief under any set of facts that could be proven. *(Reddy v. Linton Indus,*(9th Cir. 1990) 912 F.2d 291, 293, *cert denied*, 502 US 921 (1991). Further, a plaintiff whose causes of action are barred by failure to exhaust the administrative remedies will also be precluded from relief. (*Wyatt v. Terhune* (9th Cir. 2003) 315 F3d 1108.) Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. (*Jablon v. Dean Witter & Co.* (9th Cir. 1990) 614 F2d 677, 682.)

As set forth below, Plaintiff's claims in this case are barred by either and/or all of the above FRCP 12(b)(6) grounds. Hence, her Complaint must be dismissed for failure to state a cause of action.

**B. Plaintiff's ADA and Rehabilitation Act Causes of Action are Precluded by her Failure to Submit a "Right to Sue" Letter**

Plaintiff purports to bring this action:

> [p]ursuant to Sections 1981a(a)(2) and 1983 of the Civil Rights Act of 1964 and Section 504 of the Rehabilitation Act of 1973, as amended by the Rehabilitation Amendments of 1991 and 1992[29 US 791, 794(d)]. Jurisdiction is conferred on this Court by 42 US 2000e-5 and 29 US 791 et seq. Equitable and other relief is sought under 42 US 2000e-5(g). Compensatory, punitive and other damages are sought under 29 US 706(g), 791, 794(a)(1)". (Complaint, at 2:8-13)

For the reasons set forth below, all of Plaintiff's causes of action are barred by both her failure to exhaust administrative remedies and/or the applicable statutes of limitation.

    1. <u>Plaintiff's Claims under the Rehabilitation Act are Barred Because She Failed to Exhaust Her Administrative Remedies</u>

Plaintiff readily admits in her Complaint (p. 4:1-2) that she did not attempt an administrative resolution of her claims and never received a "Right to Sue" letter. This is because, "there are no requirements to file administratively or receive a right to sue letter (applicable to her lawsuit)."

(Complaint, at 4:1-2). Plaintiff is incorrect. Because she has not exhausted her administrative remedies, which are a jurisdictional prerequisite to bringing this action, her claims are barred.

The Rehabilitation Act (29 US 794a *et seq*) expressly incorporates Title VII's (42 USCS § 2000e-5) Equal Employment Opportunities Commission ("EEOC") requirement that a complainant first file a charge with the EEOC and subsequently receive a "Right to Sue" letter <u>before</u> a civil action may be filed. (29 USCS 794a(a)(1).)

Title VII requires every claimant to file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred" (42 USC 2000e-5(e)(1).) The EEOC will then investigate and issue a "Right to Sue" letter, which *then* allows Plaintiff to commence a civil action. A civil action on a Title VII claim must be commenced within 90 days after the EEOC issues "Right to Sue" letter. (42 USC 2000e-5(f)(1). Failure to commence suit within the 90-day period is ground for dismissal of the action. (*Gonzales v. Stanford Applied Engineering, Inc.* (9th Cir, 1979) 597 F2d 1298,1299).

Further, "'[e]xhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court. The Rehabilitation Act encompasses this exhaustion requirement." (*Woodman v. Runyon* (1997 10th Cir.), 132 F.3d 1330, 1341 *internal citations omitted*) Thus, because Plaintiff failed to comply with the statutory requirement that she exhaust her administrative remedies before seeking relief in federal court, not only is Plaintiff barred from prosecuting her causes of action under Title VII, but this Court has no jurisdiction to hear them.

    2. <u>Plaintiff's claims under the ADA (if any) are Barred Because She Failed to Exhaust Her Administrative Remedies</u>

The Americans with Disabilities Act ("ADA") and the adopted the Title VII procedural framework requiring a "Right to Sue" letter as a condition precedent to a lawsuit. (42 USCS § 12117) Any civil suit on an ADA claim must be filed within 90 days after the EEOC issues its "Right to Sue" letter. This presupposes that Plaintiff has already applied for and obtained a "Right to Sue" letter. As discussed above, because Plaintiff appears to believe that one was not

1  necessary, she does not assert that she obtained one. Thus, any ADA claims she may have

2  suggested are barred by her failure to exhaust administrative remedies.

3          3.  <u>Plaintiff's Prayer for Equitable Relief is Barred Because She Failed to Exhaust
               Her Administrative Remedies</u>

4

5  Plaintiff relies on Title VII in her request for "equitable and other relief" under 42 USCS

6  2000e-5(g). (Complaint, at 2:8-13.)   Such equitable relief is among the remedies provided to a

7  complainant who seeks relief under Title VII. As previously discussed, the Title VII process

8  mandates that the claimant first file a charge with the EEOC.  Plaintiff contends she was not

9  required to complete an administrative process, nor to receive a "Right to Sue" letter.

10 (Complaint, at 4:1-2).  Plaintiff's misconceptions as to proper procedures do not excuse her from

11 complying with the rules.

12     **C. The 42 USC §§ 1983 and 1981a Civil rights Allegations Should be Dismissed**

13 Plaintiff's Complaint fails to state causes of action under 42 USC 1983 and 1981a.

14     First, the Complaint fails to state any 42 USC 1983 cause of action independent from Title

15 VII, despite Plaintiff's attempt to circumvent Title VII's detailed administrative processes, to use

16 the former as a vehicle to argue ADA and RA violations.

17     Second, because Plaintiff waited four years to file this Complaint alleging §1983 violations

18 and failed to file it within two years of the activities at issue,  she is time-barred from pursuing

19 them now.

20     Third, Plaintiff has failed to connect any alleged County action to any specific constitutional

21 violation or allege the existence of any County policy or custom that caused her injury.

22     Fourth, Plaintiff's complaint is further defective and subject to dismissal under FRCP

23 12(b)(6) because it alleges the 42 USC 1983 liability of Defendants in their respective official

24 capacities.

25     Finally, Plaintiff's Complaint attempts to use 42 USC 1981a, as a stand alone cause of

26 action rather than for its intended purpose as a remedy ADA and RA violations, to which she is

27 not entitled due to failure to follow proper procedures.

28

1    1. Plaintiff Has Failed to State Any Independent 42 USC 1983 Cause of Action

2    To prevail on a § 1983 claim, a plaintiff must show "1) that the defendant acted under color

3    of state law, and 2) that the defendant deprived the plaintiff of a right secured by the

4    Constitution or laws of the United States." *Learned v. City of Bellevue*, 860 F.2d 928, 933 (9th

5    Cir. 1988), as cited in *Wilson-Combs v. Cal. Dep't of Consumer Affairs*, 2008 U.S. Dist. LEXIS

6    8507.  Further, as noted in *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing

7    Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508

8    (1979)), "section 1983 does not create substantive rights; it merely serves as the procedural

9    device for enforcing substantive provisions of the Constitution and federal statutes."

10    In support of her 42 USC § 1983 allegation, Plaintiff states no independent constitutional

11    violation, but rather only refers back to Title VII. (Compl. PP 37-41.) Plaintiff's allegations are

12    that she was discriminated against because Defendants allegedly made her undertake special

13    procedures when she wanted to take a sick day.

14    Such a failure to allege causes of action independent of Title VII dooms Plaintiff's 42 USC

15    1983 causes of action.  This is because, while a plaintiff may seek relief under § 1983 and Title

16    VII, she cannot rely exclusively on "rights created by Title VII" to satisfy the second element of a

17    § 1983 claim, to wit, a constitutional violation, as a "violation of rights created by Title VII cannot

18    form the basis of section 1983 claims, *Wilson-Combs v. Cal. Dep't of Consumer Affairs*, 2008

19    U.S. Dist. LEXIS 8507, citing *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, (1979)442 U.S.

20    366, 378; see also *Day v. Wayne County Bd. of Auditors*, 749 F.2d 1199, 1204 (6th Cir. 1984)

21    ("Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a

22    violation of Title VII.").

23    The facts and allegations in Plaintiff's Complaint are apposite to the 1988 case of *Learned v.*

24    *City of Bellevue*, (1988 Ninth Circuit) 860 F.2d 928.  In *Learned*, plaintiff was stabbed by a co-

25    worker and took time off work to heal.  When he returned to work,his municipal employer

26    allegedly harassed him about his work performance and instituted special rules regarding his

27    breaks. When plaintiff developed an ulcer and began to see a psychiatrist, his employer

28

---

*Pimentel v. Thomas J. Orloff, et al., Case No.:  C08-00249 EMC*
*Defendants' Motion to Dismiss*

10

allegedly harassed him about his medical appointments and made a special rule applicable to plaintiff only requiring him to provide detailed notice and documentation of all his medical appointments.

Similarly to *Learned*, Plaintiff was allegedly disciplined for not following the sick day procedures set forth by her employers and was allegedly "harassed" and discriminated against by Defendants for taking days off.  Like *Learned* she has alleged that Defendants subjected her to special procedures to verify that she complied with the workplace rules.

The holding in *Learned* applies here as well: In rejecting those 1983 claims sounding in Title VII, the Court held "[h]ad Learned's discrimination and retaliation claims been cognizable under Title VII, he probably could not have pursued section 1983 claims based upon the same discriminatory and retaliatory acts. Violation of rights created by Title VII cannot form the basis of section 1983 claims. See *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378."

As in the *Learned* case, Plaintiff's allegations fall within the ADA, an avenue of redress she did not timely pursue.  She can not now successfully pursue a 1983 cause of action based on facts that sound under the ADA. Hence, her §1983 cause of action warrants dismissal under FRCP 12(b)(6).

<u>2. Plaintiff's Claim under Section 1983 is Barred by the Statute of Limitations</u>

42 USC 1983 does not contain a statute of limitations.  Courts entertaining claims brought under 42 U.S.C. § 1983 "borrow" the state statute of limitations for personal injury actions and apply them to 1983 actions. (*Wilson v. Garcia* (1985) 471 US 261.)  "When a State has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions, the residual or general personal injury statute of limitations applies." (*Owens v. Okure* (1989) 488 U.S. 235, 236.)

In 1991 the U.S. Congress sought to add a "catch-all" 4 year statute of limitations for federal causes of action in which no separate statute of limitations was stated. (28 U.S.C. § 1685.) However, Congress carved out an exception for the applicability of the four year limitations period.  It decreed that a state's statute of limitations would continue to apply to causes of action

1 | that were recognizable prior to the 1990 enactment of 28 U.S.C. § 1685, which created the four-

2 | year statute of limitation, and remain without a federal time limit.

3 | Cases involving similar Title VII and 42 USC 1983 causes of action were being litigated

4 | long before 1990, hence the two year California statute of limitations[1] is applicable in this action.

5 | In *Learned*, for example, plaintiff's allegations originated in activities that transpired in the 1970s

6 | and 1980s. As noted, plaintiff's claims in *Learned* bear a striking resemblance to this Plaintiff's

7 | Complaint. Thus, Plaintiff's causes of action for wrongful termination and employment

8 | discrimination were recognizable prior to the 1990 enactment, and thus are not affected by the

9 | four-year "catch-all" statute of limitations made effective in 1991.

10 | Plaintiff alleges that Defendants' wrongful conduct occurred in 2004. Applying the two-year

11 | California statute of limitations, her filing of this lawsuit almost four years later renders it

12 | untimely. Because her claims are barred by the statutes of limitation, a motion to dismiss her 42

13 | USC 1983 cause of action is warranted.

### 3. Plaintiff failed to Link any Alleged County Action to Any Alleged Constitutional Violation or Allege that Such Violation was Attributable to a County Policy

16 | Because Plaintiff has failed to connect any alleged County action to a specific

17 | constitutional violation or allege the existence of any County policy or custom that caused her

18 | injury, she has failed to state a claim under 42 U.S.C. § 1983 against either the County of

19 | Alameda or the named Defendants in their official capacities.

20 | A county is not subject to section 1983 liability "solely because it employs a tortfeasor –

21 | or, in other words, a [county] cannot be held liable under § 1983 based on a *respondeat*

22 | *superior* theory." *Monell v. Dep't of Social Services* (1978) 436 U.S. 658, 691.

23 | Rather, to maintain a section 1983 action against the County, a plaintiff must offer

24 | evidence that the allegedly unconstitutional activities engaged in by the County were committed

25 | pursuant to a "policy statement, ordinance, regulation or decision officially adopted and

26 | _____

27 | [1] As discussed in section II (A) supra, a two-year statute of limitations applies to state causes of action for personal injuries and wrongful termination. (Cal. Code Civ Pro. §§ 335.1 and 340.) California's residual

28 |

1  promulgated by [the County's] officers." (*Monell* at 690.) When a section 1983 action is brought

2  against a defendant "in his official capacity," the suit is treated as a suit against the

3  governmental entity that employs the defendant. (*Monell* at 690.)

4      Therefore, to state a claim under section 1983 against a county or an official "in his

5  official capacity," a plaintiff must, at the minimum, allege that certain acts committed by the

6  County were unconstitutional, and that those acts were committed pursuant to a County policy

7  or custom. (*Monell* at 694.)

8      Plaintiff's Complaint fails to delineate any specific constitutional violation allegedly

9  perpetrated by the County, let alone that they were committed pursuant to a "policy statement,

10  ordinance, regulation or decision officially adopted and promulgated by [the County's] officers"

11  as required under *Monell*.

12      ### 4. Defendants Orloff, O'Malley, Klemmer, and Budde Are Not Personally Liable for § 1983 violations

13

14  Plaintiff names THOMAS J. ORLOFF ("Orloff"), NANCY O'MALLEY (O'Malley") , G.

15  RICHARD KLEMMER ("Klemmer"), DAVID C. BUDDE ("Budde"), as Defendants in the caption

16  of this employment discrimination and wrongful termination action.  She lists Defendants Orloff,

17  O'Malley and Budde as being located at the District Attorney's Office in Oakland. (Complaint, at

18  1:24-27).  She lists Defendant Klemmer as being located at the District Attorney's Office in

19  Hayward.  (Complaint at 2:1-4)

20      No other mention of these Defendants by name is located anywhere in the entire

21  Complaint.  Instead, Plaintiff refers to the unidentified "District Attorney", the "Chief Assistant"

22  and the "Branch Office Head." (Complaint, at 1:28).  Other references to District Attorney's

23  Office employees list "Assistant Chief District Attorney", "Head of Personnel", and "DA

24  Inspectors". (Complaint, at 2:6-7, 20).   Such phraseology indicates that Plaintiff intended that

25  this suit be brought against Defendants Orloff, O'Malley, Klemmer and Budde in *their official*

26

27

28  statute of limitations for personal injury actions is § 335.1. (Thompson v. City of Shasta Lake (E.D. 2004) 314 F. Supp 2d 1017, 1024.)

Pimentel v. Thomas J. Orloff, et al., *Case No.:  C08-00249 EMC*
*Defendants' Motion to Dismiss*

*capacities* within the Office of the District Attorney. No language is used to state a cause of

action against Orloff, O'Malley, Klemmer or Budde in their *individual capacities.*

However, "[s]ection 1983 actions against individuals in their official capacities are not

sustainable since the identity of the individual is subsumed in the governmental entity's identity.

*Brandon v. Holt,* 469 U.S. 464, 472, 83 L. Ed. 2d 878, 105 S. Ct. 873 (1985). See also, *Hinton v.*

*City of Elwood, Kan.,* 997 F.2d 774, 783 (10th Cir. 1993) ("Since a judgment against a public

servant in his or her official capacity imposes liability on the entity he or she represents … an

official capacity suit is simply another way of pleading an action against that entity".)" *Cordray v.*

*County of Lincoln,* (2004 NM) 320 F. Supp. 2d 1171 , 1173).

Because Plaintiff did not sue Defendants Orloff, O'Malley, Klemmer or Budde in their

individual capacities, no suit may be brought against them. Any cause of action against these

named defendants is "subsumed" into Plaintiff's action against the County of Alameda and

Office of the District Attorney. For that reason, this Court should dismiss all causes of action

against Orloff, O'Malley, Klemmer and Budde.

### 5.  Section 1981a Provides No Independent Right of Action

The Civil Rights Act of 1991, 42 USC § 1981a, provides a prevailing plaintiff in an

intentional employment discrimination case *brought under 42 USC § 2000e-5* the ability to

recover compensatory and punitive damages from the defendant. (42 USC § 1981a(a)(1); See

also, *Huckabay v. Moore* (5th Cir. 1998) 142 F 3d 233, 241). This statute also provides for

compensatory damages in actions brought under the Rehabilitation Act or the Americans with

Disabilities Act. (42 USC § 1981a(a)(2).

However, it does not create a new substantive right or independent cause of action.

"Implicit in § 1981a is the requisite that an action will not exist under the Civil Rights Act absent

a primary claim under another substantive act. After all, *section 1981a* is 'wholly dependent…

on other substantive Acts' like the ADA or Rehabilitation Act. *Section 1981a* merely expands the

remedies available under substantive acts and should only be regarded as an extension of an

---

1  amendment thereto." (*Presutti v. Felton Brush, Inc.* (D.N.H. 1995) 927 F. Supp 545, 550, citing

2  *West v. Boeing Co* (D. Kan. 1994) 851 F. Supp. 395, 401.)

3      *Section 1981a* "merely clarifies and adds to the damages available to a plaintiff who

4  shows, under Title VII, that she was the victim of intentional discrimination in employment. It

5  does not, either expressly or impliedly, create an additional cause of action for employment

6  discrimination plaintiffs." (*West v. Boeing Co.* (D. Kan. 1994) 843 F. Supp. 670, 675.)   Thus, it

7  defers to the underlying Rehabilitation Act, Americans with Disabilities Act ("ADA"), or Title VII

8  causes of action to satisfy the elements. A  "§ 1981a claim rises and falls with [a] Title VII claim

9  and is thus subject to the requirement that [plaintiff] exhaust all administrative remedies before

10  filing it." (*Brown v. Berkeley County Sch. Dist.,* (D.S.C. 2004) 339 F. Supp. 2d 715, 720.)

11      In order to successfully apply *section 1981a*, Plaintiff would first have to make a showing

12  of a valid cause of action under the Rehabilitation Act,   ADA, or Title VII.  As discussed *infra*,

13  these causes of action, though referenced in Plaintiff's Complaint, are barred because Plaintiff

14  failed to follow the requisite procedures.  Without a valid underlying cause of action, *section*

15  *1981a* provides no relief.

16  **D. Plaintiff's Failure to Bring a Wrongful Discharge Claim Within Two Years Bars**

17  **Recovery Under California Law**

18      While Plaintiff's Complaint is entitled "Employment Discrimination and Wrongful Termination

19  Complaint," it fails to articulate the specific legal authority upon which she relies.  Erring on the

20  side of caution, Defendants address the possibility that Plaintiff intended to bring a state cause

21  of action for wrongful discharge.

22      Under either a tort or contract cause of action, any state claim for wrongful discharge would

23  be time-barred based on the facts of Plaintiff's employment. California state courts have applied

24  the two-year statute of limitation for torts involving personal injury to an action for wrongful

25  discharge in violation of public policy. (Cal. Code Civ. Pro. § 335.1; see also, *Mathieu v. Norrell*

26  *Corp* (2004) 115 Cal app 4th 1174, 1189.)   Similarly, the Ninth Circuit has applied the two-year

27

28

*Pimentel v. Thomas J. Orloff, et al., Case No.:  C08-00249 EMC*
*Defendants' Motion to Dismiss*

1    statute of limitation for breach of oral contract in a wrongful discharge action. (*Hinton v. NMI*

2    *Pacific Enterprises* (9th Cir. 1993) 5 F3d 391, 394.)

3         In any event, Plaintiff's state law claims are time-barred because the alleged injuries

4    occurred in 2004, four years before the date of filing.

5

6                                      **IV. CONCLUSION**

7         Pursuant to the grounds stated herein, dismissing Plaintiff's Complaint with prejudice is both

8    appropriate and justified.

9

10   DATED:        June 5, 2008              RICHARD E. WINNIE
                                             County Counsel in and for the County of
11                                           Alameda, State of California

12

13                                          By _____
14                                          DIANE C. GRAYDON
                                            Deputy County Counsel
15                                          Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

---

*Pimentel v. Thomas J. Orloff, et al., Case No.:  C08-00249 EMC*
*Defendants' Motion to Dismiss*
                                   16