RICHARD E. WINNIE [68048]
County Counsel
DIANE C. GRAYDON [164095]
Deputy County Counsel
Office of County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone:    (510) 272-6700

Attorney for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DEBORAH J. PIMENTEL,<br>                    Plaintiff,<br><br>v.<br><br>THOMAS J. ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, THE COUNTY OF ALAMEDA, DOES 1-10.<br>                    Defendants. | Case No.: C08-00249 MMC<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME, SUPPORTING DECLARATION OF DIANE C. GRAYDON AND PROPOSED ORDER |
|---|---|

TO: PLAINTIFF, *IN PROPRIA PERSONA:*

DEFENDANTS THOMAS J. ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, THE COUNTY OF ALAMEDA (hereafter "Defendants") DO AND HEREBY OPPOSE PLAINTIFF'S MOTION for an ORDER enlarging the time for Plaintiff to file her Response to Motion to Dismiss [FRCP 12(b)(6)] pursuant to ND LR 6-3(c), based on the attached Points and Authorities and Declaration herein.

I. **INTRODUCTION**

Plaintiff filed the instant lawsuit in January 2008 alleging wrongful termination and Title VII violations which she alleged occurred over four years ago. Defendants were served with the

1  complaint in May 2008 and timely responded on June 5, 2008 by filing a FRCP 12(b)(6) motion.
2  The hearing date was set for July 11, 2008.
3      Defendants oppose Plaintiff's motion to enlarge time on the bases that; A. the instant
4  motion was filed **after** the expiration of the deadline for filing a response, thereby waiving the
5  plaintiff's right to file such a motion to enlarge time; B. Plaintiff's supporting declaration fails to
6  satisfy the specificity requirements of ND LR 6-1(C); C. Plaintiff's Declaration fails to
7  demonstrate excusable neglect.  In addition, the Court should take note that the Plaintiff's
8  supporting Declaration fails to include supporting documentation to show that the circumstances
9  described, if viewed in a light most favorable to the plaintiff, precluded her from filing the
10 Opposition for Defendant's FRCP 12(b)(6) by the June 20, 2008 deadline or requesting an
11 enlargement of time prior to that date.
12
13     II.    **POINTS AND AUTHORITIES**
14     **A.**    **Plaintiff Waived her Right to File Motion to Enlarge Time**
15     Under ND LR 7-3(a) any opposition to a motion must be served and filed not less than
16 21 days before the hearing date.  Thus, Plaintiff had until June 20, 2008 to either file an
17 opposition to the motion or contact Defendants' attorneys to request a continuation of the July
18 11, 2008 hearing date.  Plaintiff did neither.  (see attached Declaration of Diane C. Graydon,
19 hereafter, "Graydon Declaration")
20     Rather, ten days after the filing deadline, on June 30, 2008, Plaintiff made two calls to
21 the Office of the County Counsel requesting that Defendants stipulate to a continuance.  Initially
22 Defendants' counsel Diane Graydon declined, then within ten minutes of speaking with Plaintiff
23 reconsidered and called back. As no one answered, she left Plaintiff a voice message stating
24 that Defendants would consider such a stipulation if Plaintiff could fax some proof of the claimed
25 medical exigency.  No telephone response or fax was forthcoming. (Graydon Declaration)
26     ND LR 6-1(b) states that a court order is required if an enlarging of time alters a deadline
27 already fixed by Court order or that involves papers required to be filed or lodged with the Court.
28 It also requires that any motion which affects a hearing or proceeding on the Court's calendar

Pimentel v. Orloff, et. al. Case No. C08-00249 MMC
Defendants' Opposition to Plaintiff's Motion to Enlarge Time for Filing Resp. to Motion to Dismiss

2

must be filed no later than 10 days before the scheduled event. In this case the scheduled event was the filing deadline of June 20, 2008 - which came and went without a word from Plaintiff. (Graydon Declaration)

Therefore, Plaintiff waived time to request an enlarging of time by failing to file the request on or before the June 20th deadline to file her Opposition to Defendant's FRCP 12 (b)(6) Motion to Dismiss.

B. **Plaintiff's Declaration Fails to Satisfy the Specificity Requirements of ND LR 6-3(a) (1)**

Under ND LR 6-3(a) (1) a moving party's supporting declaration must set forth **with particularity**, the reasons for the requested enlargement. [emphasis added].

Even if Plaintiff was entitled to revisit a missed deadline after the fact, Plaintiff 's listed reasons for the requested enlargement are pled with insufficient particularity to show that her daughter's stated illness precluded her from meeting the filing deadline.

While Defendants' counsel herein sympathizes with the Plaintiff's daughter's health situation and acknowledges that such family events are stressful, Plaintiff fails to establish that her daughter's medical emergency so effected her that it was excusable for her to forget to file any response to Defendant's FRCP 12(b)(6) Motion for over two weeks following her daughter's last declared medical appointment on June 13, 2008.

Further, Plaintiff is vague and ambiguous in her explanation of what exact time periods her daughter was admitted to the hospital. While Plaintiff declares that on June 13, 2008, her daughter required further treatment for an infection, Plaintiff fails to state whether her daughter was admitted on that date, and on what date she was discharged home. In the seven days that followed Plaintiff's June 13, 2008 accounting, Plaintiff fails to show why she could not find time, perhaps while her daughter was sleeping, to draft her opposition and meet the filing Deadline. Moreover, Plaintiff fails to show why she was unable to attempt a Stipulation to Enlarge Time, or file this Motion to Enlarge time before the expiration of the June 20, 2008 filing deadline.

Plaintiff's fails to accurately illustrate what efforts she made to obtain a stipulation to the time change. While Plaintiff declared that on Friday, June 27, 2008, she "attempted to call

Defense Counsel." Defendants' counsel received no message from her on Friday, June 27, 2008. (Graydon Declaration) The first contact received was a message left on attorney Graydon's voicemail Monday morning, June 30, 2008. While it is true that Ms. Graydon was initially hesitant to heed Plaintiff's request, after reconsideration she left her a message indicating a possible willingness to stipulate to the request on the condition that Plaintiff fax or mail some form of documentation confirming the Plaintiff's dilemma. Ms. Graydon was not contacted in response, nor was any documentation provided as requested. (Graydon Declaration)

Rather than containing the specific information required by ND LR 6-3(a) (1), Plaintiff's declaration is a study in vagueness, leaving more questions remaining than answered. It should also be noted that Plaintiff's Declaration did not contain any attachments such as redacted medical documents supporting her claim of family medical issues. This is the second time Plaintiff has declined an obvious opportunity to strengthen her request for an extension of time due to medical exigencies, as she failed to provide the same to counsel upon request.

Given the high level of potential prejudice Plaintiff claims will occur if the instant motion fails, the lack of documentary evidence to support her claim is quite odd.

**C. Plaintiff's Declaration Fails Demonstrate Excusable Neglect**

For good cause, FRCP Rule 6(b)(1)(B) permits the court to extend time on a motion made after the time has expired if the party failed to act because of excusable neglect.

To determine whether neglect is excusable, a court must consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

In Wystrach v. Ciachurski, the court held that the district court did not abuse its discretion in applying the factors to be considered in determining excusable neglect for

purposes of plaintiffs' Fed. R. Civ. P. 6(b) motion. The district court acted within its discretion in determining that counsel's excuse--time pressures of preparing for a preliminary injunction hearing--failed to make the neglect excusable. The court also held that the district court did not abuse its discretion in applying D. Ariz. Civ. R. 7.2(i) summarily to grant defendants' motion to dismiss based on plaintiffs' failure to timely respond. The public's interest in expeditious resolution of litigation, the district court's need to manage its docket, and the risk of prejudice to defendants weighed in favor of dismissal. Wystrach v. Ciachurski, 2008 U.S. App. LEXIS 3987 (9th Cir. Ariz. Feb. 20, 2008).

Plaintiff's only evidence in support of her motion is her Declaration. The Declaration however fails to prove excusable neglect justifying her failure to file Opposition to Defendant's FRCP Rule 12(b)(6) Motion or to request an enlargement of time prior to the expiration of the June 20th deadline. There is no explanation as to why Plaintiff waited 17 days following her daughter's last declared medical appointment on June 13, 2008 to take any action in the case.

Plaintiff's failure to file any response to Defendant's FRCP 12(b)(6) Motion to Dismiss for constitutes inexcusable neglect.

### III. CONCLUSION

For the reasons stated above, this Court would be fully justified in denying Plaintiff's motion as untimely and inadequately plead.

DATED:    July 2, 2008

RICHARD E. WINNIE, County Counsel in and for the County of Alameda, State of California

By _____
Diane C. Graydon,
Deputy County Counsel
Attorneys for Defendants

Pimentel v. Orloff, et. al. Case No. C08-00249 MMC
Defendants' Opposition to Plaintiff's Motion to Enlarge Time for Filing Resp. to Motion to Dismiss

5

**DECLARATION OF DIANE C. GRAYDON**

I, Diane C. Graydon declare as follows:

1. I am an attorney licensed to practice law before the U.S. District Court of the Northern District of California as well as all courts in the State of California. I am employed as an attorney with the Office of the County Counsel, County of Alameda, attorneys of record for Defendants in the above-captioned matter.

2. Except as alleged on information and belief, the following facts are stated from my personal knowledge and if called as a witness to testify thereto, I could and would so competently testify. As to those matters stated on information and belief, I believe them to be true.

3. On June 30, 2008 I received a voice message from the Plaintiff requesting a that Defendants stipulate to her request to enlarge time in order for her to file a pleading in response to Defendants' Motion to Dismiss set for hearing on July 11, 2008.

4. This June 30, 2008 voicemail was the first contact of any type I received from the Plaintiff regarding this case.

5. On June 30, 2008 at or around 11:45am I received a call from Plaintiff in which she reiterated her request for a stipulation. I declined, noting the timing for such a request was ten days too late.

6. I reconsidered this decision and approximately ten minutes later I called Plaintiff back. As no one answered, I left a message for her in which I stated Defendants' willingness to consider a stipulation if Plaintiff would provide our office with documentation supporting her claims of family medical emergencies during the response period.

7. Since my voice message on July 1, 2008, I have not received any telephone calls or communications from Plaintiff concerning Defendants' request for

---

Pimentel v. Orloff, et. al. Case No. C08-00249 MMC
Defendants' Opposition to Plaintiff's Motion to Enlarge Time for Filing Resp. to Motion to Dismiss

documentation verifying that Plaintiff's daughter was ill and hospitalized in June 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 2nd day of July, 2008 at Oakland, California.

RICHARD E. WINNIE, County Counsel in and for the County of Alameda, State of California

By _____
Diane C. Graydon,
Deputy County Counsel
Attorneys for Defendants

Pimentel v. Orloff, et. al. Case No. C08-00249 MMC
Defendants' Opposition to Plaintiff's Motion to Enlarge Time for Filing Resp. to Motion to Dismiss

7

## ORDER

Based upon its review of the pleadings filed in this matter, and being fully advised in the premises, the Court finds as follows:

1. The motion for relief was untimely filed;
2. Plaintiff's failure to provide a Declaration containing the level of specificity required to support her Motion to Enlarge Time pursuant to ND LR 6-3; and
3. Plaintiff's failure to file any response to Defendant's FRCP 12(b)(6) Motion to Dismiss for 17 days following her daughter's last declared medical appointment on June 13, 2008 constitutes inexcusable neglect.

IT IS THEREFORE, ORDERED

Plaintiff's Motion for Continuance (deemed ND LR 6-3 Motion to Enlarge Time) is hereby denied.

Dated:_____   _____

The Honorable MAXINE M. CHESNEY

Judge, United States District Court

Pimentel v. Orloff, et. al. Case No. C08-00249 MMC
Defendants' Opposition to Plaintiff's Motion to Enlarge Time for Filing Resp. to Motion to Dismiss

CERTIFICATE OF SERVICE

<u>Pimentel v. Thomas Orloff, et al.</u>

Case No. C08-00249 MMC

I, Diseph Igoni, declare that:

I am a citizen of the United States, over the age of 18 years and not a party to the within entitled action. I am employed at the Office of the County Counsel, County of Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612-4296.

On July 3, 2008, I served the following document(s):

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME, SUPPORTING DECLARATION OF DIANE C. GRAYDON AND PROPOSED ORDER**

Deborah J. Pimentel
6644 Wooster Court
Castro Valley, CA 94552

[X]  BY MAIL: I caused true and correct copies of the above document(s) to be placed and sealed in an envelope (or envelopes) addressed to the addressee(s) with postage thereon fully prepaid, and I further caused said envelope(s) to be placed in the United States mail, in the City of Oakland, California.

[ ]  BY FACSIMILE: I caused a copy (or copies) of such document(s) to be sent via facsimile transmission to the office(s) of the addressee(s).

[ ]  BY PERSONAL SERVICE: I caused true and correct copy (or copies) of the above document(s) to be placed and sealed in an envelope (or envelopes) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

[ ]  BY FEDERAL EXPRESS: I caused true and correct copy (or copies) of the above document(s) to be placed and sealed in an envelope (or envelopes) addressed to the addressee(s) and I caused such envelope(s) to be delivered to Federal Express for overnight courier service to the office(s) of the addressee(s).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Oakland, California on July 3, 2008.

_____
DISEPH IGONI