RICHARD E. WINNIE, ESQ. (SBN 68048)
richard.winnie@acgov.org
DIANE C. GRAYDON, ESQ. (SBN 164095)
diane.graydon@acgov.org
OFFICE OF COUNTY COUNSEL, COUNTY OF ALAMEDA
1221 Oak Street, Suite 450
Oakland, CA 94612
Telephone: (510) 272-6700
Facsimile: (510) 272-5020

GREGORY J. ROCKWELL, ESQ. (SBN 67305)
grockwell@bjg.com
JILL P. SAZAMA, ESQ. (SBN 214215)
jsazama@bjg.com
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation/25522
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendants THOMAS ORLOFF,
NANCY O'MALLEY, G. RICHARD KLEMMER,
DAVID C. BUDDE, THE DISTRICT ATTORNEY'S
OFFICE OF ALAMEDA COUNTY, and
THE COUNTY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH J. PIMINTEL,<br><br>        Plaintiff,<br><br>vs.<br><br>THOMAS ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, THE COUNTY OF ALAMEDA, DOES 1-10,<br><br>        Defendants. | Case No.: CV 08-00249 MMC<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>Date: August 22, 2008<br>Time: 9:00 a.m.<br>Dept: Courtroom 7, 19th Floor<br><br>Complaint Filed: January 14, 2008 |

The opposition filed by plaintiff in pro per DEBORAH J. PIMINTEL ("Plaintiff") to Defendants'[1] motion to dismiss fails to overcome the defects in her Complaint. Therefore that motion should be granted.

---

[1] "Defendants" refers to THOMAS ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, and THE COUNTY OF ALAMEDA

-1-

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
*Pimentel v. Orloff, et al.*, case no C08-00249 MMC

To briefly reiterate, Plaintiff asserts that she was the victim of employment discrimination that occurred between January and February of 2004, almost four years prior to the filing of her Complaint. She contends that she was discriminated against based on a claimed disability, fibromyalgia. Plaintiff alleges no other factual basis for any discrimination claim.

Although not clearly pleaded, Plaintiff appears to have been[2] a former criminal prosecutor for the County of Alameda. Plaintiff sues her former employer, and the Alameda County District Attorney's Office (not a separate public entity), and several individual defendants who appear to be other attorneys employed by the District Attorney's Office. It is not clear on what factual basis Plaintiff believes these individuals are liable.

Plaintiff's complaint contains no separately identifiable causes of action. Plaintiff asserts therein that "[t]his action is brought pursuant to 42 U.S.C. sections 1981a and 1983, and Section 504 of the Rehabilitation Act of 1973 [codified at 29 U.S.C. section 794]," that the "acts complained of in this suit concern . . . [d]iscrimination, . . . [i]ntentional discrimination, . . . [t]ermination of my employment, . . . failure to make reasonable accommodations, . . . [h]ostile work environment," and that "Defendants [*sic*] conduct is discriminatory with respect to my disability." Complaint, at 2:8-20. She seeks equitable relief under 42 U.S.C. 2000e-5(g) (part of Title VII of the 1964 Civil Rights Act), and compensatory and punitive damages against Defendants under 29 U.S.C. sections "706(g)"[3], 791, and 794a(a)(1).

Defendants moved to dismiss Plaintiff's complaint on several grounds, including Plaintiff's failure to exhaust administrative remedies (rendering Plaintiff's claims time-barred), her failure to adequately plead a claim under sections 1981a and 1983, her failure to assert any wrongful conduct by the individual defendants, and her failure to overcome the statute of limitations. As set forth below, Plaintiff's opposition did not overcome these legal defects. Therefore, Defendants' motion should be granted.

---

[2] Plaintiff has nowhere pleaded what position she held, although it appears from her allegations (e.g. "the other attorneys on the felony team" (Complaint, at 3:11)) that she was a prosecutor with the County of Alameda District Attorney's Office.

[3] 29 U.S.C. section 706 is entitled "allotment percentage," and contains no subsection (g). This may be a reference to section 706 of the 1964 Civil Rights Act, codified at 42 U.S.C. section 2000e-5(f). 42 U.S.C. section 2000e-5(f) is referenced in 29 U.S.C. section 794a(a)(1), part of the Rehabilitation Act.

-2-

## I. Any Rehabilitation Act Claims Are Barred By The Statute of Limitations

Plaintiff clarified in her opposition that her claims were chiefly for violation of the Rehabilitation Act. Defendants asserted in their motion that the two-year statute of limitations applied. In opposition, Plaintiff argued that the appropriate statute of limitations was 4 years, per 28 U.S.C. section 1658. She cited *Jones v. R.R. Donnelly & Sons Company*, in support. *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369 (2004) (hereafter *Jones*). Plaintiff was mistaken.

The 4-year statute of limitations *only* applies to claims arising under a federal law enacted *after* December 1, 1990. 28 U.S.C. section 1658(a)[4]; *Jones, supra*. The Rehabilitation Act was enacted in 1973. Undeterred, Plaintiff further contended that 1992 amendments[5] to the Rehabilitation Act compelled the application of the 4-year statute of limitations, per *Jones*.

*Jones* does not compel the application of the 4-year statute of limitations. In *Jones*, the United States Supreme Court analyzed the applicable statute of limitations for a racial discrimination in employment claim arising under 42 U.S.C. section 1981. *Id.* at 371. Although 42 U.S.C. section 1981 was enacted prior to December 1, 1990, it was amended *after* December 1, 1990 to add certain types of employment discrimination claims that were previously *un*available.

---

[4] 29 U.S.C. section 1658(a) provides in full:
(a) Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [enacted Dec. 1, 1990] may not be commenced later than 4 years after the cause of action accrues.

[5] There have been several amendments to the Rehabilitation Act since December 1, 1990. Most amendments either were not to sections related to Plaintiff's claim here, or were non-substantive, e.g. changing the word "handicap" to "disability." *See* 29 U.S.C.S. section 794, History, listing the amendments to that section: Oct. 29, 1992, P.L. 102-569, Title I, Subtitle A, § 102(p)(32), Title V, § 506, 106 Stat. 4360, 4428; Oct. 20, 1994, P.L. 103-382, Title III, Part I, § 394(i)(2), 108 Stat. 4029; Aug. 7, 1998, P.L. 105-220, Title IV, § 408(a)(3), 112 Stat. 1203; Jan. 8, 2002, P.L. 107-110, Title X, Part G, § 1076(u)(2), 115 Stat. 2093.) The only potentially relevant addition in 1992 was of the following subsection:

Standards used in determining violation of section. The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment.

29 U.S.C. §§ 791(g), 794(d). To paraphrase *Jones, supra*, at 383, this subsection did not "enlarge the category of conduct that is subject to [Rehabilitation Act] liability." The ADA was modeled after the Rehabilitation Act. *Compare* 29 U.S.C. § 794(a) *with* 42 U.S.C. §§ 12131, 12132; *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999); *see Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997) (noting that "Congress has directed that the ADA and RA be construed consistently") (citing 42 U.S.C. § 12134(b)). Thus a directive that the Rehabilitation Act be construed consistently with the ADA, which was itself modeled after the Rehabilitation Act, does not create any new causes of action under the Rehabilitation Act. Plaintiff does not point to any authority that so holds.

-3-

*Jones, supra*, 541 U.S. 369, 371, 383. The question in *Jones* was whether the post-December 1, 1990 amendment to 42 U.S.C. section 1981 caused the plaintiff's section 1981 claim to be governed by the new 4-year statute of limitations in 28 U.S.C. section 1658, or by the old two-year state-law statute of limitations. In analyzing this question, the Court created the following general rule regarding the applicability of the 4-year limitations period: "a cause of action 'arises under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's 4-year statute of limitations—***if the plaintiff's claim against the defendant was made possible by a post-1990 enactment.***" *Jones, supra,* 541 U.S. at 382 (emphasis added). Applying this rule to the particular facts of *Jones*, the Court held that the four year statute of limitations applied. Specifically it held that the post-1990 amendment to 42 U.S.C. section 1981 created a new claim that had not existed prior to December 1, 1990, (*id.* at 383 ["In *Rivers v. Roadway Express, Inc.*, we recognized that the 1991 amendment 'enlarged the category of conduct that is subject to § 1981 liability . . . ."]), and that the *Jones* plaintiff's claim was of the type created by this post-December-1990 amendment.

Here, however, Plaintiff's claim was not created by any post-December-1990 amendment. The Rehabilitation Act provided a basis for relief against the type of disability discrimination alleged herein prior to December 1, 1990. 29 U.S.C. § 794(a) (1990); *CONRAIL v. Darrone*, 465 U.S. 624, 632-633 (1984) (discussing Congressional intent that the Rehabilitation Act prohibit disability discrimination in employment), *superseded in part by statute as explained in Miller v. Spicer*, 822 F. Supp. 158, 163 (D. Del. 1993) (basis for employment discrimination claims against federal aid recipients broadened by 1988 amendment); *Boyd v. United States Postal Service*, 752 F.2d 410, 412-413 (9th Cir. 1985) (discussing the history of the Rehabilitation Act).

Neither the 1992 amendments nor any other post-1990 amendments to the Rehabilitation Act created any new causes of action relevant here. *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 n.3 (9th Cir. Cal. 1997) ("The definition of those covered under the [Rehabilitation] Act before and after the 1992 amendments, however, is essentially the same."); *Carpenter v. Department of Transp.*, 13 F.3d 313, 315 (9th Cir. Cal. 1994) ("In 1992, Congress amended the wording of this section [section 794(a)]. [Citation.] . . . . This

-4-

new wording changes neither the substance of the statute nor its application to [the plaintiff]."); *McColm v. San Francisco Hous. Auth.*, case no. C 02-5810 PJH, 2007 U.S. Dist. LEXIS 41631, at 33 (N.D. Cal. May 29, 2007) ("Because '[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act,' courts consider Section 504 and ADA claims jointly."); *Gates v. Rowland*, 39 F.3d 1439, 1446 (9th Cir. Cal. 1994) ("The Americans with Disabilities Act of 1990 ('ADA'), 42 U.S.C. § 12101(2), defines disability in terms identical to those of the [Rehabilitation] Act in section 706(8)(B)."). Plaintiff cited no authority that recognizes any new causes of action created by these amendments.

Since Plaintiff is not advancing a claim first created by statute (or amendment) after December 1, 1990, the 4-year limitations period does *not* apply. *Jones, supra,* 541 U.S. 369, 382. Therefore, the state law two-year statute of limitations still controls. *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660 (1987); *Wilson v. Garcia,* 471 U.S. 261, 269 (1985); *Douglas v. Cal. Dep't of Youth Auth.,* 271 F.3d 812, 823 n.11 (9th Cir. 2001) ("The statute of limitations for the Rehabilitation Act Section 504 claim is provided by the analogous state law."); Cal. Code Civ. Proc. § 335.1 (two years).

Under that two-year statute of limitations, Plaintiff's claims are unambiguously time-barred. The alleged discrimination occurred between January and February 2004. Complaint, at 3:27-28. Plaintiff did not file her Complaint until January 14, 2008, almost four years later. Any and all Rehabilitation Act claims are now barred.

## II. No Separate 42 U.S.C. Section 1981a or 1983 Claim Lies As a Matter of Law

Plaintiff also appeared to have argued in opposition that a separate section 1981a or section 1983 claim could exist here. Plaintiff's arguments again fail.

42 U.S.C. section 1981a does not confer any independent right of action. 42 U.S.C. § 1981a. Section 1981a merely permits a party to recover certain types of damages against a defendant who has already been sued under another authority. If a party has no claim under that other authority, however, then section 1981a does not provide on its own any basis for suit. Here, Plaintiff's Rehabilitation Act claim is barred as a matter of law by, among other things, the statute of limitations. 42 U.S.C. section 1981a cannot revive it. Therefore, section 1981a does not

prevent Plaintiff's Complaint from being dismissed.

42 U.S.C. section 1983 also does not confer any substantive rights. It can be a vehicle through which a party may sue a "state actor" for violation of federal constitutional or federal statutory rights. 42 U.S.C. § 1983. Plaintiff appeared to be attempting to use section 1983 to assert a violation of her rights under the Rehabilitation Act.

However, where a federal statute provides its own internal method of enforcement, a plaintiff generally cannot also pursue a section 1983 claim to vindicate that same right. *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002) ("'A comprehensive remedial scheme for the enforcement of a statutory right creates a presumption that Congress intended to foreclose resort to more general remedial schemes to vindicate that right.'") In particular, the Ninth Circuit has specifically prohibited using section 1983 to pursue a violation of Rehabilitation Act or of the ADA. *Ibid.* Plaintiff cannot, therefore, as a matter of law use section 1983 to pursue her claim for violation of the Rehabilitation Act. *Ibid.*

In a final effort to preserve a section 1983 claim, Plaintiff argued in opposition that her Fourth and Fourteenth Amendment Rights were somehow violated when she was "stalked while at work by a co-worker" and when "DA investigators and Deputy Sheriff's [*sic*] were dispatched to illegally enter and storm Plaintiff's home while she slept." Opposition, at 12:9-13. While a violation of the Fourth or Fourteenth Amendments could potentially form a basis for a section 1983 claim,[6] any such claim would be barred nevertheless, by the statute of limitations.

42 U.S.C. section 1983, like the Rehabilitation Act, does not contain its own statute of limitations. Therefore, courts borrow from the applicable state law's statute of limitations, which here is California's two-year statute of limitations for personal injury actions.[7] *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 (2005); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003). All events in Plaintiff's Complaint occurred between January and February of

---

[6] Defendants neither admit nor concede that these allegations are sufficient to support a violation of these constitutional rights.

[7] 42 U.S.C. section 1983 was first enacted in 1871, and has not been amended after December 1, 1990. Therefore, the 4-year statute of limitations in 28 U.S.C. section 1658 does not apply.

-6-

2004, and Plaintiff did not file suit until January 14, 2008. This was well after the two-year statute of limitations had run. Any and all section 1983 claims are therefore barred.

### III. Plaintiff Is Not Asserting an ADA Claim, And Even if She Were, Such Claim Would be Barred by Plaintiff's Failure to Exhaust Administrative Remedies

Finally, in part because Plaintiff's Complaint asserted that Plaintiff was seeking to recover for discrimination based on a disability, Defendants construed the Complaint as (potentially) asserting an Americans with Disabilities Act ("ADA") claim. In her opposition, Plaintiff denied that she was advancing a claim under the ADA. Opposition, at 12:19-22. However, in an abundance of caution, Defendants reiterate that any ADA claim that Plaintiff might assert would be barred by, among other things, Plaintiff's admitted failure to exhaust administrative remedies. Complaint, at 4:1-2, Opposition, at 6:22 – 8:2. Plaintiff cannot save her complaint by amending it to allege an ADA claim.

### IV. CONCLUSION

Plaintiff's complaint fails to state any valid cause of action for disability discrimination against the Defendants. Plaintiff's Rehabilitation Act claims are barred by the two-year statute of limitations. The four-year statute of limitations does not apply. Any section 1983 claims are also barred for the same reason, and because section 1983 cannot be used to vindicate alleged Rehabilitation Act violations. No amendment can cure the above defects. Therefore, Defendants' motion to dismiss should be granted without leave to amend.

DATED: August 1, 2008

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: /s/ Jill P. Sazama

JILL P. SAZAMA, ESQ.
Attorneys for Defendant
Attorneys for Defendants THOMAS ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, and THE COUNTY OF ALAMEDA

25522\438557

**PROOF OF SERVICE BY MAIL**
**(C.C.P. SECTIONS 1013(a) -2015.5)**

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

**Plaintiff in Pro Per**                              Via Mail
Deborah J. Pimentel
6644 Wooster Court
Castro Valley, CA 94552
Telephone: 510-886-8933

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on August 1, 2008.

_____
Carmen Kalt

-8-

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
*Pimentel v. Orloff, et al.*, case no C08-00249 MMC

# PROOF OF SERVICE BY ELECTRONIC SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

On the date indicated below, at the above-referenced business location, I served the **REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** on the below-named party and caused said document to be transmitted using ECF as specified by General Order No. 45 to the following party:

| | |
|---|---|
| **Co-Counsel**<br>Richard E. Winnie, Esq.<br>County Counsel<br>Diane C. Graydon, Esq.<br>Deputy County Counsel<br>County of Alameda, Office of County Counsel<br>1221 Oak Street, Suite 450<br>Oakland, CA  94612<br>Telephone:  (510) 272-6700<br>Facsimile:  (510) 272-5020 | Attorneys for Defendants THOMAS ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, and THE COUNTY OF ALAMEDA |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on August 1, 2008.

_____
Carmen Kalt

25522\438557