**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   DEBORAH J. PIMENTEL,                    No. C-08-0249 MMC

12              Plaintiff,                   **ORDER GRANTING IN PART AND
                                             DENYING IN PART DEFENDANTS'**
13      v.                                   **MOTION TO DISMISS; VACATING
                                             HEARING**
14   THOMAS J. ORLOFF, et al.,

15              Defendants.
     _____/

16

17        Before the Court is defendants' motion, filed June 5, 2008, to dismiss the complaint

18   pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff has filed

19   opposition, to which defendants have replied.  Having considered the papers filed in

20   support of and in opposition to the motion, the Court finds the matter appropriate for

21   resolution without oral argument, hereby VACATES the August 22, 2008 hearing on the

22   matter, and rules as follows.

23        On January 14, 2008, plaintiff filed her complaint in the above-titled matter, alleging

24   defendants discriminated against her based on her disability, in violation of section 504 of

25   the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (hereafter "§ 504"), and

26   §§ 1981a(a)(2) and 1983 of the Civil Rights Act of 1964, as amended, 42 U.S.C.

27   §§ 1981a(a)(2), 1983.  In particular, plaintiff alleges she suffers from fibromyalgia, (see

28   Compl. ¶ 8), which condition plaintiff alleges "flared up" due to the stress of a family

1   tragedy that occurred in August 2002, (see id.), and for which condition plaintiff "used sick

2   leave as necessary," (see id.).  Plaintiff further alleges that, due to her fibromyalgia and her

3   use of sick leave, her former employer[1] defendant District Attorney's Office of Alameda

4   County, in early 2003, required plaintiff to "check in" upon her arrival at work each morning,

5   which procedure was not required of other employees.  (See id.)  Plaintiff alleges that

6   thereafter, in June 2003, her employer instituted a "sick leave policy," advised plaintiff she

7   was in violation of such policy, and ultimately, on February 5, 2004, terminated plaintiff's

8   employment.  (See id.)

9       In the instant motion, defendants seek dismissal of plaintiff's claim under § 504, on

10  the ground that plaintiff has failed to exhaust the requisite administrative remedies.[2]

11  Additionally, defendants argue that plaintiff's § 1983 claim is barred by a two-year statute of

12  limitations, and contend that § 1981a does not provide an independent cause of action.

13      With respect to plaintiff's claim under § 504, contrary to defendants' argument,

14  "private plaintiffs suing under § 504 need not first exhaust administrative remedies."  See

15  Smith v. Barton, 914 F.2d 1330, 1338 (9th Cir. 1990).

16      With respect to plaintiff's § 1983 claim, defendants correctly assert that a two-year

17  period of limitations applies to such claim.  See Action Apartment Ass'n, Inc. v. Santa

18  Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007) (holding "claims brought

19  under § 1983 borrow the forum state's statute of limitations for personal injury claims, and

20  in California, that limitations period is two years") (citation omitted); Cal. Code Civ. P.

21

22

23      [1] Although plaintiff does not explicitly allege that defendant District Attorney's Office
    of Alameda County is her former employer, such relationship can reasonably be inferred
24  from the allegations in the complaint. (See, e.g., Compl. ¶ 8 (alleging, inter alia, that
    Assistant Chief District Attorney advised plaintiff she was in violation of sick leave policy;
25  alleging District Attorney extended plaintiff's period of administrative leave).)

26      [2] To the extent defendants argue any claim plaintiff may be asserting under the
    Americans with Disabilities Act ("ADA") is likewise barred by plaintiff's failure to exhaust
27  administrative remedies, in her opposition, plaintiff clarifies she brings claims only under
    § 504, § 1981a, and § 1983, (see Pl.'s Resp. to Defs.' Mot. to Dismiss at 1:22-24), and is
28  not asserting a claim under the ADA, (see id. at 12:21-22).

1  § 335.1 (providing statute of limitations for personal injury action is two years).[3]  Contrary to

2  plaintiff's argument, the claim is not subject to a four-year period of limitations under 28

3  U.S.C. § 1658, for the reason that the claim arises under a federal statute that was in place

4  prior to 1990, specifically, the Rehabilitation Act of 1973, and is not a claim that was "made

5  possible" by post-1990 amendment of such statute.  See, e.g., Kling v. County of Los

6  Angeles, 633 F.2d 876, 878 (9th Cir. 1980) (recognizing private right of action for disability

7  discrimination under § 504); cf. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382-83

8  (2004) (holding period of limitations provided by § 1658 applies where cause of action was

9  "made possible" by 1991 amendment of federal statute).

10      Here, the last allegedly wrongful act was plaintiff's termination on February 5, 2004.

11  Applying the two-year statute of limitations to the allegations in the instant complaint, the

12  period during which plaintiff could bring a § 1983 claim premised on such act expired on

13  February 5, 2006.  As plaintiff did not file her complaint in the instant action until January

14  14, 2008, plaintiff's claim under § 1983 is untimely and, consequently, is subject to

15  dismissal.[4]

16      Lastly, as defendants point out, § 1981a does not provide an independent cause of

17  action.  See Huckabay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998) (holding § 1981a "does

18  not create a new substantive right or cause of action," but "merely provides an additional

19  remedy for unlawful intentional discrimination" prohibited under other statutes) (internal

20  quotation omitted); see also 42 U.S.C. § 1981a (titled "Damages in cases of intentional

21  discrimination in employment").  Thus, to the extent plaintiff attempts to assert a cause of

22  action under § 1981a, no such claim for relief is available.

23      Accordingly, defendants' motion to dismiss is hereby GRANTED in part and DENIED

24

25  [3] The statute of limitations for a § 504 claim is likewise borrowed from the law of the
    forum state.  See Douglas v. California Dept. of Youth Authority, 271 F.3d 812, 823 n.11
26  (9th Cir. 2001) (applying one-year statute of limitations provided by § 304 of Cal. Code Civ.
    Proc. to § 504 claim).  In the instant motion, defendants do not argue for dismissal of
27  plaintiff's § 504 claim based on the statute of limitations.

28  [4] In light of such ruling, the Court does not reach defendants' alternative arguments
    for dismissal of plaintiff's § 1983 claim.

1   in part as follows:

2       1.  The motion is GRANTED to the extent defendants seek dismissal of plaintiff's

3   claims brought under 42 U.S.C. §§ 1981a and 1983.

4       2.  The motion is DENIED to the extent defendants seek dismissal of plaintiff's claim

5   brought under § 504 of the Rehabilitation Act, 29 U.S.C. § 794.

6       **IT IS SO ORDERED.**

7   Dated: August 19, 2008

8                                           MAXINE M. CHESNEY
                                            United States District Judge

4