```
 1  RICHARD E. WINNIE, ESQ. (SBN 68048)
    richard.winnie@acgov.org
 2  DIANE C. GRAYDON, ESQ. (SBN 164095)
    diane.graydon@acgov.org
 3  OFFICE OF COUNTY COUNSEL, COUNTY OF ALAMEDA
    1221 Oak Street, Suite 450
 4  Oakland, CA 94612
    Telephone: (510) 272-6700
 5  Facsimile: (510) 272-5020

 6  GREGORY J. ROCKWELL, ESQ. (SBN 67305)
    grockwell@bjg.com
 7  JILL P. SAZAMA, ESQ. (SBN 214215)
    jsazama@bjg.com
 8  BOORNAZIAN, JENSEN & GARTHE
    A Professional Corporation/25522
 9  555 12th Street, Suite 1800
    P. O. Box 12925
10  Oakland, CA 94604-2925
    Telephone: (510) 834-4350
11  Facsimile: (510) 839-1897

12  Attorneys for Defendants THOMAS ORLOFF,
    NANCY O'MALLEY, G. RICHARD KLEMMER,
13  DAVID C. BUDDE, THE DISTRICT ATTORNEY'S
    OFFICE OF ALAMEDA COUNTY, and
14  THE COUNTY OF ALAMEDA
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH J. PIMENTEL,<br><br>   Plaintiff,<br><br>vs.<br><br>THOMAS ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, THE COUNTY OF ALAMEDA, DOES 1-10,<br><br>   Defendants. | Case No.: CV 08-00249 MMC<br><br>**DEFENDANTS'**<br>**NOTICE OF MOTION AND MOTION**<br>**FOR JUDGMENT ON THE**<br>**PLEADINGS**<br><br>Date: Friday, October 10, 2008<br>Time: 9:00 a.m.<br>Dept: Courtroom 7, 19th Floor<br><br>Complaint Filed: January 14, 2008 |

**TO PLAINTIFF IN PROPIA PERSONA:**

PLEASE TAKE NOTICE THAT on Friday, October 10, 2008, at 9:00 a.m. in courtroom 7 of the above-captioned court, located at 450 Golden Gate Avenue, in San Francisco, defendants THOMAS ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE,

-1-

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
*Pimentel v. Orloff, et al.*, case no C08-00249 MMC

THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, and THE COUNTY OF ALAMEDA (hereafter "Defendants") hereby move pursuant to Federal Rule of Civil Procedure 12(c) for an order granting judgment on the pleadings in their favor and against plaintiff DEBORAH J. PIMENTEL as to all remaining causes of action in the complaint. Said motion shall be made on the grounds that any and all remaining claims alleged in the complaint are barred by the applicable statute of limitations.

Said motion shall be made based on this notice of motion and memorandum of points and authorities in support thereof, all pleadings, documents and records on file with the court herein, all matters of which the court is requested to take judicial notice and such other and further oral and documentary evidence which may be presented to the court prior to or at the hearing on this motion.

DATED: September 3, 2008

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: /s/ JILL P. SAZAMA
JILL P. SAZAMA, ESQ.
Attorneys for Defendants
THOMAS ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, and THE COUNTY OF ALAMEDA

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff asserts that she was the victim of employment discrimination that occurred between January and February of 2004, almost four years prior to the filing of her complaint. She contends that she was discriminated against based on a claimed disability, fibromyalgia. Plaintiff

alleges no other factual basis for any discrimination claim.

Although not clearly pleaded, plaintiff appears to have been[1] a former criminal prosecutor for the County of Alameda. Plaintiff sues her former employer, and the Alameda County District Attorney's Office (not a separate public entity), and several individual defendants who appear to be other attorneys employed by the District Attorney's Office. It is not clear on what factual basis plaintiff believes these individuals are liable.

Plaintiff's complaint contains no separately identifiable causes of action. Plaintiff asserts therein that "[t]his action is brought pursuant to 42 U.S.C. sections 1981a and 1983, and Section 504 of the Rehabilitation Act of 1973 [codified at 29 U.S.C. section 794]," that the "acts complained of in this suit concern . . . [d]iscrimination, . . . [i]ntentional discrimination, . . . [t]ermination of my employment, . . . failure to make reasonable accommodations, . . . [h]ostile work environment," and that "Defendants [sic] conduct is discriminatory with respect to my disability." Complaint, at 2:8-20. She seeks equitable relief under 42 U.S.C. 2000e-5(g) (part of Title VII of the 1964 Civil Rights Act), and compensatory and punitive damages against Defendants under 29 U.S.C. sections "706(g)"[2], 791, and 794a(a)(1).

As part of her opposition to Defendants' prior motion to dismiss, plaintiff confirmed that she was asserting only claims arising under 42 U.S.C. section 1983 and claims for violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. section 794 (hereafter "section 504"). The court in ruling on that motion noted that these were the only claims asserted in her complaint. *See* Doc. 26, at 1:23-27.

Defendants previously moved to dismiss plaintiff's complaint on several grounds. On August 19, 2008, the court granted in part and denied in part that motion. *See* Doc. 26, at 3:23 – 4: 5. In particular, the court granted Defendants' motion to dismiss as to any and all claims arising under 42 U.S.C. section 1983, on statute of limitations grounds. *Ibid*. In the course of

---

[1] Plaintiff has nowhere pleaded what position she held, although it appears from her allegations (e.g. "the other attorneys on the felony team" (Complaint, at 3:11)) that she was a prosecutor with the County of Alameda District Attorney's Office.

[2] 29 U.S.C. section 706 is entitled "allotment percentage," and contains no subsection (g). This may be a reference to section 706 of the 1964 Civil Rights Act, codified at 42 U.S.C. section 2000e-5(f). 42 U.S.C. section 2000e-5(f) is referenced in 29 U.S.C. section 794a(a)(1), part of the Rehabilitation Act.

-3-
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
*Pimentel v. Orloff, et al.*, case no C08-00249 MMC

ruling that plaintiff's section 1983 claims were time-barred, the court stated in a footnote that plaintiff's claims for relief under section 504 of the Rehabilitation Act of 1973 also, like her section 1983 claims, borrowed from the forum state's statute of limitations. *Id.* at 3:24-27. The Court stated, however, that "defendants [did] not argue for dismissal of plaintiff's § 504 claim based on the statute of limitations." *Ibid.*

Defendants now move for judgment on the pleadings as to plaintiff's remaining section 504 claims, on the grounds that any and all such claims are barred by statute of limitations.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that, after the pleadings have closed, but early enough not to delay trial, a party may move for judgment on the pleadings. "'A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.'" *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 528 (9th Cir. 1997).

## III.   THE REHABILITATION ACT CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

The statute of limitations for a claim for violation of section 504 borrows from the applicable statutory period from the forum state. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987); *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 n.11 (9th Cir. 2001) ("The statute of limitations for the Rehabilitation Act Section 504 claim is provided by the analogous state law."); Cal. Code Civ. Proc. § 335.1 (two years). In California that statutory period is two years. *Ibid.*

Under that two-year statute of limitations, Plaintiff's claims are unambiguously time-barred. The alleged discrimination occurred between January and February 2004. Complaint, at 3:27-28. Plaintiff did not file her complaint until January 14, 2008, almost four years later. Any and all section 504 claims are therefore now time-barred.

## IV.   CONCLUSION

Plaintiff's complaint fails to state any valid cause of action for disability discrimination against the Defendants. After Defendants' prior motion to dismiss, the only

-4-

1  remaining claims in the complaint are for violation of section 504 of the Rehabilitation Act of
2  1973. Those claims are, however, barred by the two-year statute of limitations. No amendment
3  can cure this defect. Therefore, Defendants' motion for judgment on the pleadings should be
4  granted without leave to amend.

5  DATED: September 3, 2008

                              BOORNAZIAN, JENSEN & GARTHE
                              A Professional Corporation

                              By: _____/s/ JILL P. SAZAMA_____
                                  JILL P. SAZAMA, ESQ.
                              Attorneys for Defendants THOMAS
                              ORLOFF, NANCY O'MALLEY, G.
                              RICHARD KLEMMER, DAVID C.
                              BUDDE, THE DISTRICT
                              ATTORNEY'S OFFICE OF
                              ALAMEDA COUNTY, and
                              THE COUNTY OF ALAMEDA

25522\441568

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
*Pimentel v. Orloff, et al.*, case no C08-00249 MMC

# CERTIFICATE OF SERVICE
## (28 U.S.C. §1746)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**, addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

**Plaintiff in Pro Per**                    Via Mail
Deborah J. Pimentel
6644 Wooster Court
Castro Valley, CA 94552
Telephone: 510-886-8933

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on September 3, 2008.

By: _____/s/ *Carmen Kalt*_____
Carmen Kalt

---
-6-
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
*Pimentel v. Orloff, et al.*, case no C08-00249 MMC

# PROOF OF SERVICE BY ELECTRONIC SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

On the date indicated below, at the above-referenced business location, I served the **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS** on the below-named party and caused said document to be transmitted using ECF as specified by General Order No. 45 to the following party:

| | |
|---|---|
| **Co-Counsel**<br>Richard E. Winnie, Esq.<br>County Counsel<br>Diane C. Graydon, Esq.<br>Deputy County Counsel<br>County of Alameda, Office of County Counsel<br>1221 Oak Street, Suite 450<br>Oakland, CA 94612<br>Telephone: (510) 272-6700<br>Facsimile: (510) 272-5020 | Attorneys for Defendants THOMAS ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, and THE COUNTY OF ALAMEDA |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on September 3, 2008.

By: ___/s/ Carmen Kalt___
Carmen Kalt

25522\441568

-7-

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
*Pimentel v. Orloff, et al.*, case no C08-00249 MMC