UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH J. PIMENTEL,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS ORLOFF, NANCY O'MALLEY, G. RICHARD KLEMMER, DAVID C. BUDDE, THE DISTRICT ATTORNEY'S OFFICE OF ALAMEDA COUNTY, THE COUNTY OF ALAMEDA, DOES 1-10,<br><br>    Defendants. | Case No.: CV 08-00249 MMC<br><br>**[PROPOSED]**<br>**ORDER REGARDING DEFENDANTS'**<br>**MOTION FOR JUDGMENT ON THE**<br>**PLEADINGS PURSUANT TO FRCP**<br>**12(c)**<br><br>Complaint Filed: January 14, 2008 |

    Before the Court is defendants' motion, filed September 3, 2008, for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Having considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

    On January 14, 2008, plaintiff filed her complaint in the above-titled matter, alleging defendants discriminated against her based on her disability, in violation of section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (hereafter "§ 504"), and §§ 1981a(a)(2) and 1983 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981a(a)(2), 1983.

    In particular, plaintiff alleges that she suffers from fibromyalgia (*see* Compl. ¶ 8), which condition plaintiff alleges "flared up" due to the stress of a family tragedy that occurred in August 2002 (*see id.*), and for which condition plaintiff "used sick leave as necessary," (*see id.*). Plaintiff further alleges that, due to her fibromyalgia and her use of sick leave, her former employer

-1-

defendant District Attorney's Office of Alameda County, in early 2003, required plaintiff to "check in" upon her arrival at work each morning, which procedure was not required of other employees. *See id.* Plaintiff alleges that thereafter, in June 2003, her employer instituted a "sick leave policy," advised plaintiff she was in violation of such policy, and ultimately, on February 5, 2004, terminated plaintiff's employment. *See id.*

Defendants previously moved to dismiss all causes of action in plaintiff's complaint. By order dated August 18, 2008, the Court granted in part and denied in part that motion. In particular the Court dismissed any claims brought under 42 U.S.C. sections 1981a and 1983 on statute of limitations grounds, but denied that motion as to plaintiff's claim brought under section 504 of the Rehabilitation Act of 1973. Doc. 26, at 4:2-5. In its order, the Court stated in a footnote that the statute of limitations for a section 504 claim is also (like her section 1983 claims) borrowed from the law of the forum state, but that defendants did not argue for the dismissal of plaintiff's section 504 claims based on the statute of limitations. Doc. 36, at 3:24-27.

Defendants now correct that omission and move for judgment on the pleadings as to plaintiff's section 504 claims on statute of limitations grounds.

Defendants correctly assert that a two-year statute of limitations applies to plaintiff's section 504 claims. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987); *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 n.11 (9th Cir. 2001) ("The statute of limitations for the Rehabilitation Act Section 504 claim is provided by the analogous state law."); Cal. Code Civ. Proc. § 335.1 (two years).

Here, the last allegedly wrongful act was plaintiff's termination on February 5, 2004. Applying the two-year statute of limitations to the allegations in the instant complaint, the period during which plaintiff could bring a section 504 claim premised on such act expired on February 5, 2006. As plaintiff did not file her complaint in the instant action until January 14, 2008, plaintiff's claim under section 504 is untimely and, consequently, is subject to dismissal.

Accordingly, defendants' motion for judgment on the pleadings is hereby **GRANTED** as to plaintiff's claims arising under section 504 of the Rehabilitation Act, 29 U.S.C. section 794. Because Plaintiff's complaint does not contain any other valid causes of action, that complaint is

1 | **DISMISSED** in its entirety without leave to amend.

2 |     **IT IS SO ORDERED**

3 | DATED: _____, 2008

 

                                              MAXINE M. CHESNEY
                                              United States District Judge

25522\441592

-3-
ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS
*Pimentel v. Orloff, et al.*, case no C08-00249 MMC