IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH J. PIMENTEL, | No. C-08-0249 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS** |
| v. | |
| THOMAS J. ORLOFF, et al., | |
| Defendants. | |

Before the Court is defendants' Motion for Judgment on the Pleadings, filed September 3, 2008, by which defendants seek judgment as to plaintiff's claim under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("§ 504"), on the ground that such claim is barred by the applicable statute of limitations.[1] Plaintiff has filed opposition, to which defendants have replied.[2] Having read and considered the papers submitted in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, hereby VACATES the hearing scheduled for November 21, 2008, and rules as follows.

---

[1] Plaintiff's other claims, brought under 42 U.S.C. §§ 1981a(a)(2) and 1983, were previously dismissed by the Court. (See Order filed Aug. 19, 2008.)

[2] Plaintiff has requested that the Court take judicial notice of several Alameda County budget documents. Assuming, arguendo, that such documents may be judicially noticed, their contents are not relevant to the instant motion.

1   Contrary to plaintiff's argument, the four-year statute of limitations provided in 28 U.S.C. § 1658 is inapplicable to plaintiff's § 504 claims.  Section 1658, the statute of limitations for claims "arising under an Act of Congress," see § 1658(a), applies only "if the plaintiff's claim against the defendant was made possible by a post-1990 enactment."  See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004).  Plaintiff argues that her § 504 claim was made possible by the 1992 amendments to the Rehabilitation Act because, after such amendments, a plaintiff no longer needs to prove that she suffered discrimination "solely" because of her disability, a standard plaintiff implies she may not be able to meet.  (See Opp'n at 2.)

Section 504 was amended in 1992 to add § 504(d), see Pub. L. No. 102-569, § 506, 106 Stat. 4344, 4428 (1992), which provides:

> The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 . . . and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990, as such sections relate to employment.

See § 504(d).  The 1992 amendments, however, did not alter § 504(a)'s provision that § 504 applies only to an individual who has been discriminated against "solely by reason of his or her disability."[3]  See § 504(a).  "Although Congress instructed in § 504(d) that [Americans with Disabilities Act] standards be used in determining whether § 504 has been violated . . . the explicit 'solely by reason of' language of § 504(a) . . . is the correct standard for determining whether a violation of the provision has occurred."  See Pinkerton v. Spellings, 529 F.3d 513, 516 (5th Cir. 2008);[4] see also Soledad v. U.S. Dep't of

---

[3] The only change made by the 1992 amendments to § 504(a) was to replace the words "handicap" and "a handicap" with "disability" and "a disability."  See Pub L. No. 102-569, § 102(p)(32), 106 Stat. 4344, 4360 (1992).  As the Ninth Circuit has noted with respect to such amendment, "[t]he definition of those covered under the Act before and after the 1992 amendments . . . is essentially the same."  See Weinrich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 n.2 (9th Cir. 1997).

[4] Plaintiff's reliance on Pinkerton v. United States Dep't of Educ., 508 F.3d 207 (5th Cir. 2007), is unavailing.  That opinion was withdrawn from publication, republished at 518 F.3d 278 (5th Cir. 2007), and ultimately withdrawn and superseded on rehearing by Pinkerton v. Spellings.  See 529 F.3d at 516.

1 Treasury, 304 F.3d 500, 505 (5th Cir. 2002) ("Because Congress chose not to repeal the
2 'solely by reason of' language of § [504](a) when it amended the statute, we conclude that
3 Congress did not intend to adopt the [Americans with Disabilities Act] standard of causation
4 with the § [504](d) amendment."). In short, if plaintiff has a claim, it was not "made possible
5 by a post-1990 enactment." See Jones, 541 U.S. at 382. Accordingly, § 1658 is not
6 applicable herein.

7 As defendants correctly point out, where § 1658 does not apply, "[t]he statute of
8 limitations for . . . Section 504 claim[s] is provided by the analogous state law." See
9 Douglas v. Cal. Dep't of Youth Auth., 271 F.3d 812, 823 n.11 (9th Cir. 2001). Although the
10 Ninth Circuit has not addressed the issue of which state statute should be applied to § 504
11 claims, it has noted that other circuits have held the forum state's personal injury limitations
12 period applies to such claims. See Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d
13 1131, 1135-36 (9th Cir. 2001) (citing authority); see e.g., Bush v. Commonwealth Edison
14 Co., 990 F.2d 928, 933 (7th Cir. 1993) (holding state statute of limitations for personal
15 injury claims applicable to plaintiff's Rehabilitation Act claim); Hickey v. Irving Indep. Sch.
16 Dist., 976 F.2d 980, 983 (5th Cir. 1992) (same); Morse v. Univ. of Vt., 973 F.2d 122, 127
17 (2d Cir. 1992) (holding "actions under § 504 of the Rehabilitation Act are governed by the
18 state statute of limitations applicable to personal injury actions"); see also Douglas, 271
19 F.3d at 823 n.11 (noting "both parties agree that California's . . . statute of limitations for
20 [personal] injuries governs [plaintiff's] Section 504 claim"). In California, personal injury
21 actions are subject to a two-year statute of limitations. See Cal. Code Civ. Proc. § 335.1.
22 Here, the last allegedly wrongful act was plaintiff's termination on February 5, 2004. As
23 plaintiff did not file her complaint in the instant action until January 14, 2008, her § 504
24 claim is untimely, and consequently, defendants are entitled to judgment on the pleadings
25 as to such claim.

26 In their reply, defendants request that the Court impose sanctions on plaintiff under
27 Civil Local Rule 7-9, due to her alleged repetition, in her opposition to defendants' motion,
28 of the argument that her claims are subject to the four-year statute of limitations provided

by 28 U.S.C. § 1658.  Defendants' request is procedurally improper because it was not separately filed, see Civ. L.R. 7-8(a), and will be denied on that ground.  Additionally, to the extent plaintiff's opposition responds to the instant motion, such opposition, contrary to defendants' argument, does not seek reconsideration, as no prior order adjudicating plaintiff's § 504 claim has been issued.  To the extent plaintiff's opposition again argues plaintiff's claims under §§ 1981 and 1983, the Court has not considered it.

**CONCLUSION**

For the reasons stated above, defendants' motion for judgment on the pleadings is hereby GRANTED, and defendants' request for sanctions is hereby DENIED.

As this order resolves the sole remaining claim in the action, the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  November 19, 2008

MAXINE M. CHESNEY
United States District Judge